**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **JADA THOMPSON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-26-00692** |
| **v.** | * | |
| | * | |
| **CIGNA-EVERNORTH SERVICES, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Jada Thompson, who is self-represented, filed this action against her former employer, Cigna-Evernorth Services, Inc. ("Defendant"), alleging employment discrimination. ECF 1. Defendant has filed a motion to compel arbitration and stay proceedings, ECF 11. Plaintiff has opposed the motion, ECF 12, and Defendant filed a reply, ECF 13. This Court has carefully reviewed the filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendant's motion must be granted and this case must proceed in arbitration.

### I.    BACKGROUND

Plaintiff's Complaint alleges that she became pregnant and experienced pregnancy-related medical complications during her employment with Defendant in Maryland. ECF 1 at 6. She asserts that Defendant improperly counted protected absences against her and terminated her for poor attendance. *Id.* She asserts discrimination claims pursuant to Title VII, the Pregnant Workers Fairness Act, and the Americans with Disabilities Act. *Id.* at 4.

Defendant has submitted evidence relating to its motion. In particular, Defendant submitted the Declaration of Jennifer Wineburgh, its Talent Acquisition Operations Senior Manager. ECF

11-2. Ms. Wineburgh stated under oath that each candidate for employment is presented, through the "Workday" system, a series of documents for electronic signature in DocuSign. ECF 11-2 ¶ 3. One of those documents is the Voluntary Arbitration Agreement ("VAA"). *Id.* Each candidate must either sign the document or select the "Don't Accept" tab. *Id.* ¶ 4. The "Don't Accept" option sends a message to the employee's recruiter to renegotiate or revoke the employment offer. *Id.* Candidates are afforded unlimited time to review and sign their documents. *Id.* ¶ 6.

The Workday system contains a copy of the VAA signed by Plaintiff on July 13, 2023. *Id.* ¶ 9. That agreement reads, "[T]his agreement applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes "you" or "your") employment or relationship with Cigna or the relationship with any of Cigna's agents, employees, affiliates, successors, subsidiaries, assigns, sister or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates." *Id.* at 6 (footnote omitted). "Except as otherwise stated in this Agreement, you and Cigna agree that any legal dispute or controversy covered by this Agreement, or arising out of, relating to, or concerning the scope, validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, and not by court or jury trial." *Id.* Later, in bold lettering, the agreement reads: "**<u>Your Right to Opt Out of Arbitration.</u> Arbitration is not a mandatory condition of your employment at Cigna. This Agreement to arbitrate is voluntary, and therefore you may submit a statement notifying Cigna that you wish to opt out and not be subject to this agreement.**" *Id.* at 8. For Plaintiff, the opt-out notice had to be provided within 45 days of her first day of employment with Cigna, which was August 7, 2023. *Id.* Finally, the agreement provides: "The parties agree that this Agreement may be accepted and

2

agreed to electronically, and that the fact that either party manifested their agreement to its terms through electronic means (such as a web-based "click through" or other similar technology) shall not in any way affect the validity or enforceability of this Agreement." *Id.*

## II.    MOTION TO COMPEL ARBITRATION

As the Fourth Circuit recently explained in *Dhruva v. CuriosityStream, Inc.*, 131 F.4th 146, 151 (4th Cir. 2025), the first question for this Court is "whether a valid arbitration agreement exists." *Id.* (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019)). As the party seeking to compel arbitration, Defendant "bears the burden of establishing the existence of a binding contract to arbitrate." *Marshall v. Georgetown Mem'l Hosp.*, 112 F.4th 211, 218 (4th Cir. 2024) (quoting *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 867 F.3d 449, 456 (4th Cir. 2017)). That initial issue is for the Court, because "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters,* 561 U.S. 287, 296 (2010). And Section 4 of the Federal Arbitration Act "requires that the district court—rather than an arbitrator—decide whether the parties have formed an agreement to arbitrate." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019). But where there is a valid agreement to arbitrate, the "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also '"gateway" questions of "arbitrability," such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.'" *Henry Schein, Inc.*, 586 U.S. at 67–68 (quoting *Rent-a-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)). Where a court finds a valid written arbitration agreement and a dispute within the scope of the agreement, it must compel arbitration. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649–50 (1986); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

3

The initial question of whether there is an enforceable agreement to arbitrate presents a state law issue of contractual interpretation. *See Meadows v. Cebridge Acquisition, LLC*, 132 F.4th 716, 726 (4th Cir. 2025). Maryland law applies to this issue because Plaintiff was employed in Maryland. In addition to the standard requirements of offer, acceptance, and consideration necessary to form a contract, Maryland law requires independent consideration to support an arbitration provision. *See Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 613–14 (4th Cir. 2013).

Defendant has adduced evidence showing that Plaintiff voluntarily entered the VAA presented to her as part of her onboarding paperwork and that she did not exercise her right to opt out. ECF 11-2. Additionally, the VAA provides that both Plaintiff and Defendant agreed to resolve all employment-related disputes through arbitration and not in court. That executed agreement evidences mutual assent to a contract definite in its terms. Finally, the corresponding promises by both parties constitute sufficient consideration for the arbitration agreement. *See Johnson v. Cir. City Stores*, 148 F.3d 373, 378 (4th Cir. 1998) (noting that "an arbitration agreement [is] supported by adequate consideration where both parties agree[] to be bound by the arbitration process").

Plaintiff contends that there is a genuine issue of material fact because she does not recall signing the VAA and there are no eyewitnesses and because "Defendant has not demonstrated that the alleged Arbitration Agreement was clearly presented, that its terms were explained, or that Plaintiff had meaningful notice that she was waiving her right to a jury trial." ECF 12 at 2. First, Plaintiff has not denied signing the VAA and her assertion that she "does not recall" does not create a genuine issue of material fact, given Defendant's uncontroverted evidence that Plaintiff had to sign the document to complete her employment paperwork and begin her employment. Second, the law does not place a burden on Defendant to ensure "meaningful notice" or understanding on the part of Plaintiff. Under Maryland law, a party who signs a contract is

4

presumed to have read and understood its terms. *See Dashiell v. Meeks*, 396 Md. 149, 167 (2006);

*see also Walther v. Sovereign Bank*, 386 Md. 412, 429 (2005) ("[T]he law presumes that a person

knows the contents of a document that he executes and understands at least the literal meaning of

its terms.") (quoting *Merit Music Serv., Inc. v. Sonneborn*, 245 Md. 213, 221–222 (1967)). Thus,

this Court concludes that the requirements of contract formation are satisfied as to the VAA.

It is equally clear that Plaintiff's employment discrimination claims fall within the scope

of the VAA, which encompasses "any dispute, past, present or future, arising out of or related to

Employee's . . . employment or relationship with" Defendant. ECF 11-2 at 6. Accordingly,

Plaintiff's claims cannot be heard in this Court and must proceed to arbitration.

The Federal Arbitration Act generally requires courts to stay their proceedings until any

issue referable to arbitration has been adjudicated. *See* 9 U.S.C. § 3; *EEOC v. Waffle House, Inc.*,

534 U.S. 279, 289 (2002). This Court will employ that procedure here.

For the reasons stated above, Defendant's motion to compel arbitration, ECF 11, will be

granted. This case will be stayed and administratively closed, subject to reopening once the parties

advise that arbitration has concluded. A separate Order follows.


Dated: June 23, 2026                                  _____/s/_____

                                                      Stephanie A. Gallagher
                                                      United States District Judge

5